# 55178

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 JAN -5 PM 1:39

DEPUTY CLERK __N7__

In re: Reebok Easytone Litigation

Case No. 10- CV-11977 (Mass)

**CLASS ACTION**

3-12MC0001-L

## MOTION TO QUASH DEPOSITION

TO THE HONORABLE DISTRICT JUDGE:

COME NOW, Nikki Johnson, Movant, and files this Motion to Quash her deposition and would respectfully show unto the Court the following:

### NO BASIS TO TAKE THE DEPOSITIONS

1. Nikki Johnson is a member of the Class. Nikki Johnson received a class action notice that she was a member of the class. In addition, documents supporting her membership in the class are attached hereto. From the documents it is obvious that Movant is a member of the class and on at least two occasions directly purchased covered shoes from Defendant Reebok.

2. Information requested by Class Counsel is already in the possession of class counsel or available to them from Defendant Reebok.

3. Movant filed an objection to a settlement of a class action lawsuit and the sole purpose of the Subpoena is to harass Movant because she had the gall to object the settlement.

4. The notice Movant received of the class action settlement directed Movant if she wished to object to the settlement to do so by filing an objection.

5. Movant followed the notice from the Court and Movant stated her grounds for objecting to settlement in her objection as directed by the Court.

6. There is no question that Movant is a member of the Class and that she has stated her grounds for objecting to the settlement.

7. Class Counsel have apparently decided to depose before the Fairness Hearing all individuals who objected to the settlement. The depositions will gain no additional information.

8. The deposition notice has been issued not to gain any information but solely to harass anyone who has objected to the proposed settlement.

9. Movant has fully followed the court's Preliminary Approval order and should not be subjected to further harassment through the discovery process.

10. Movant works and cannot take the time off from work without notice to her employer. At least one week notice is necessary.

11. The notice fails to give Movant a reasonable time to comply.

12. The notice directs her to appear at an attorney office in Dallas that is apparently not associated with this case. Movant objects to this location.

13. The amount tendered for travel expenses, four dollars is not correct in that it does not properly for allow the cost of travel and parking in downtown Dallas.

## PRAYER

Movant requests the Court to quash her deposition and for further relief as necessary.

Respectfully submitted,

_____
Thomas L. Cox, Jr.
S.B. 04964400
4934 Tremont
Dallas, TX 75214
(469) 531-3313  FAX: (214) 855-7878
tcox009@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following by fax and regular mail on January 5, 2012.

_____
Thomas L. Cox, Jr

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| In re Reebok Easytone Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:10-CV-11977-FDS |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts  ) |

AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Nikki Johnson. Address: 3141 Hood St, Ste 200, Dallas, Texas 75219

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Looper Reed & McGraw; 1601 Elm Street, Suite 4600; Dallas, Texas 75201 | Date and Time: 01/06/2012 1:30 pm |
|---|---|

The deposition will be recorded by this method: __Stenographic means__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any documentation of your alleged purchases of Eligible Shoes and/or Eligible Apparel, as those terms are defined in the Settlement Agreement, as well as any and all other documents related to the matters set forth in your Objection to the Proposed Settlement, Objection to the Class Notification, and Objection to Attorneys Fees (Document 65 in the above captioned matter).

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/03/2012

CLERK OF COURT               OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __all Plaintiffs, including Plaintiff Sandra Altieri__, who issues or requests this subpoena, are:

Edmund S. Aronowitz
Address: Wolf Haldenstein Adler Freeman & Herz LLC, 55 West Monroe Street Suite 1111, Chicago, Illinois 60603
Email: aronowitz@whafh.com   Telephone: (312) 984-0000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:10-CV-11977-FDS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Nikki Johnson

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$    44.00    .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

(c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| | |
|---|---|
| Transaction Date: | 09/19/2011 Mon |
| Transaction Description: | www.reebok.com www.rCANTON MA |
| | 8668701743 |
| Cardmember Name: | NIKKI JOHNSON |
| Amount $: | 108.23 |
| Doing Business As: | REEBOK.COM |
| Merchant Address: | 1895 JW FOSTER BLVD |
| | CANTON |
| | MA |
| | 02021 |
| | UNITED STATES |
| Reference Number: | 320112640408235895 |
| Category: | Merchandise & Supplies - Mail Order |

| | |
|---|---|
| Transaction Date: | 12/16/2010 Thu |
| Transaction Description: | www.reebok.com www.rCANTON MA |
| | 8668701743 |
| Cardmember Name: | NIKKI JOHNSON |
| Amount $: | -88.58 |
| Doing Business As: | REEBOK.COM |
| Merchant Address: | 1895 JW FOSTER BLVD |
| | CANTON |
| | MA |
| | 02021 |
| | UNITED STATES |
| Reference Number: | 320103510150002571 |
| Category: | Merchandise & Supplies - Mail Order |



C\O Rust Consulting, Inc.
PO Box 2607
Faribault, MN 55021-9607

RBK01013716



NIKKI JOHNSON
3141 HOOD ST STE 200
DALLAS, TX 75219-5000

# Reebok Shoe and Apparel Class Action Settlement

## Claim Form

Use this claim form only if you bought eligible Reebok shoes or apparel from *December 5, 2008 through October 12, 2011.* The eligible Reebok shoes and apparel are listed below.

**All claim forms must be electronically submitted no later than April 10, 2012 or postmarked no later than April 10, 2012 to:**

Class Action Settlement Administrator
C\O Rust Consulting, Inc.
PO Box 2607
Faribault, MN 55021-9607

| CLAIM INFORMATION |
|---|
| **CLASS MEMBER INFORMATION** |

Name: _____

Mailing Address: _____

City: _____  State: _____  Zip Code: _____

Best Telephone Number: ( ___ ) ___ - _____   E-mail Address: _____



