**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE:<br><br>**REEBOK EASYTONE LITIGATION** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 3:12-MC-00001-L (BF)**

**Hon. Paul D. Stickney**

**Original Case No. 4:10-CV-11977-FDS (D. Mass.)**

**PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO**
**OBJECTOR NIKKI JOHNSON'S MOTION TO QUASH DEPOSITION SUBPOENA**

## TABLE OF CONTENTS

I.      Introduction ........................................................................................................... 3
II.     Ms. Johnson and Mr. Cox Are "Professional" or "Serial" Objectors ................ 6
III.    Brief Background of the *In re Reebok EasyTone Litigation* and Settlement ...................... 7
IV.     Chronology of Plaintiffs' Counsel's Attempt to Depose Ms. Johnson ............................... 9
V.      Taking the Deposition of An Objector Like Ms. Johnson Is Appropriate ........................ 11
VI.     Conclusion and Request for Relief .......................................................... 13

## TABLE OF AUTHORITIES

### Cases

*Arthur v. Sallie Mae, Inc.*, 2:10-cv-00198 (W.D. Wash.) .......................................................... 7
*Baggett v. Hewlett-Packard Co.*, 8:07-cv-00667 (C.D. Cal.) .................................................. 8
*Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546 (D.N.J. 2010) ........................................ 7
*Federick v. FIA Card Servs.*, N.A., No. 09-cv-03419 (C.D. Cal.) ................................... 4, 6, 7
*In re AT&T Mobility Wireless Data Services Tax Litig.*, 1:10-cv-02278 (N.D. Ill.) ...................... 7
*In re Countrywide Fin. Corp. Customer Data Security Breach Litig.*, 3:08-md-01998-TBR (W.D. Ky.) ....................................................................................... 7
*In re Google Buzz Privacy Litig.*, 5:10-cv-672 (N.D. Cal.) .................................................... 8
*In re Lawnmower Engine Horsepower Marketing and Sales Practices Litig.*, 2:08-md-0999-LA (E.D. Wisc.) ........................................................................................... 7
*In re Lifelock, Inc. Mktg. & Sales Practice Litig.*, 2:08-md-01977-MHM (D. Ariz.) ................... 7
*In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 U.S. Dist. LEXIS 31787 (D. Md. Mar. 23, 2011) ................................................................................................. 4, 7, 8
*In re NVIDIA GPU Litig.*, No. 5:09-cv-04312 (N.D. Cal.) ............................................ 4, 6, 7
*In re Pre-filled Propane Tank Mktg & Sales Pracs. Litig.*, 4:09-md-02086-GAF (W.D. Mo.) ..... 7
*In re Static Random Access Memory Antitrust Litig.*, Case No. M:07-CV-01819-CW, MDL No. 1819, 2011 U.S. Dist. LEXIS 112915 (N.D. Cal. Sept. 23, 2011) ............................. 13
*In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.*, 1:08-md-01982-RDB (D. Md.) ........................................................................................ 7
*In re United Health Group PSLRA Litig.*, 643 F. Supp. 1107 (D. Minn. 2009) ........................... 4
*Kardonick v. JP Morgan Chase & Co.*, 10-cv-23235-WMH (S.D. Fla.) ...................................... 7
*King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188 (5th Cir. 1983) ............................... 11
*Stern v. AT&T Mobility Corp.*, No. 10-CV-85, 2011 WL 607135 (N.D. Ohio Feb. 11, 2011) .... 13

### Other Authorities

Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* (2005) ....................................................... 5
Greenberg, Bruce D., *Keeping the Flies out of the Ointment: Restricting Objectors to Class Action Settlements*, 84 St. John's L. Rev. 949 (2010) ............................................ 6

### Rules

Fed. R. Civ. P. 30(a)(1) ......................................................................................................... 14

### Treatises

*Manual for Complex Litigation (Fourth)*, § 21.643 ................................................................ 5

Plaintiffs Sandra Altieri, Courtney Schwartz, and Cheryl Hardy individually and on behalf of the certified Settlement Class in *In re: Reebok EasyTone Litigation*, Case No. 4:10-CV-11977-FDS (D. Mass.), and pursuant to this Court's January 6, 2012 Order (Dkt. No. 3) staying deposition and setting response and reply schedule, responds as follows in opposition to Objector Nikki Johnson's Motion to Quash Deposition (Dkt. No. 1) ("Motion to Quash"):

## I.     <u>INTRODUCTION</u>

This Motion to Quash is before this Court because Nikki Johnson, an objector to the $25 million class action settlement[1] of all similarly situated consumers' claims against Reebok related to Reebok's allegedly false and misleading advertising of Reebok's EasyTone shoes and apparel, refuses to comply with a properly served subpoena requesting her attendance at a deposition to discover, among other things: (1) the basis and reasoning behind her frivolous objection (the "Objection")[2]; (2) whether she has standing as a class member to object to the Settlement; and, most importantly, (3) whether, based on her and her counsel Thomas L. Cox's history of objecting to the settlements of class actions, and the frivolousness of Ms. Johnson's Objection to the *In re: Reebok EasyTone Litigation* Settlement ("the Settlement"), Ms. Johnson, in collusion with Mr. Cox, is objecting to the Settlement, not out of any legitimate interest in providing a benefit for the Settlement Class as a whole, but instead, for the purpose of extorting payment from either Plaintiffs' Counsel or from Defendant to withdraw the Objection.

---

[1]  The Settlement was reached in conjunction and cooperation with the Federal Trade Commission ("FTC") and is also the subject of FTC enforcement proceeding relating thereto.

[2]  *See* Declaration of Edmund S. Aronowitz Regarding Attempted Deposition of Objector Nikki Johnson ("Aronowitz Decl.") ¶ 2 and Exhibit A thereto, the Objection.

As other Courts have found, Mr. Cox is a "frequent and professional objector," having objected to more than a dozen class action settlements.[3]  And Ms. Johnson, working with Mr. Cox, has also objected to at least two other class action settlements.[4]  Not a single one of Mr. Cox's or Ms. Johnson's prior objections resulted in any benefit to the class.

Instead, Mr. Cox and Ms. Johnson object to class action settlements for their own pecuniary benefit.  The Federal Judicial Council and courts throughout the country have been highly critical of this type of objection.[5]  While objections can be useful when filed in good faith, individuals such as Ms. Johnson and Mr. Cox simply use the right to object to extort payment from settlement proponents.  Settlement proponents must choose between "buying off" objectors and their counsel or suffering the lengthy delay such objectors cause to the distribution of settlement funds by appealing a District Court's rejection of their baseless objections.[6]

---

[3] *See, e.g.*, *In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 U.S. Dist. LEXIS 31787, *33 n.1 (D. Md. Mar. 23, 2011) ("Clifton brings this objection by and through her attorney, Thomas L. Cox, Jr. It appears that Mr. Cox is a frequent and professional objector, as he has objected or represented objectors in at least six other class actions since 2010.  Mr. Cox's objections were not sustained in any of these cases."). Additional cases in which Ms. Cox represented objectors are listed in footnote 12, *infra*.

[4] *See* Johnson Objection to *In re NVIDIA GPU Litig.*, No. 5:09-cv-04312 (N.D. Cal.); Johnson Objection to *Federick v. FIA Card Servs.*, N.A., No. 09-cv-03419 (C.D. Cal.).

[5] *See Manual for Complex Litigation (Fourth)*, § 21.643, at 326; Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges*, at 11 (2005); s*ee also In re United Health Group PSLRA Litig.*, 643 F. Supp. 1107, 1108 (D. Minn. 2009) (referring to one group of professional objectors as "remoras" who were "loose again").

[6] *See, e.g.*, Greenberg, Bruce D., *Keeping the Flies out of the Ointment: Restricting Objectors to Class Action Settlements*, 84 St. John's L. Rev. 949, 950 (2010) ("In theory, objectors can occasionally highlight aspects of a proposed settlement that are unreasonable or that expose conflicts among the interests of class members or between class counsel and the class.  But in reality, all too frequently, objectors and their counsel see an opportunity to extract money from the parties or class counsel, whose efforts brought about the settlement, by threatening to upset or seriously detour the settlement. Objectors make arguments that are groundless yet sufficient to delay the settlement approval process for months or years unless class counsel or the parties agree to 'buy off' the objector or the objector's counsel. Objector tactics can prove lucrative because the other parties may prefer to 'buy off' the objectors rather than suffer the delay and additional expense necessary to defeat the objection.").

While Mr. Cox in the Motion to Quash repeatedly attempts to characterize Plaintiffs' attempt to depose Ms. Johnson as an effort at "harassment,"[7] it is Ms. Johnson in collusion with Mr. Cox that are harassing the Settlement Class by threatening to delay distribution of the settlement through a frivolous objection and inevitable appeal unless Plaintiffs' Counsel and Defendant pay them to go away.   A deposition of Ms. Johnson under oath will be the most effective method for determining whether or not this is true.

Furthermore, despite Mr. Cox's superficial arguments to the contrary, under the circumstances of this case – in which Ms. Johnson's Objection was entered onto the District of Massachusetts docket on December 27, 2011, an initial subpoena was sent for service December 28, 2011, service of an amended subpoena was effectuated due to the New Year's holiday only on January 3, 2012, and supplemental Final Approval briefing is due January 10, 2012, with a final Fairness Hearing scheduled for January 17, 2012[8] – taking the deposition of an objector like Ms. Johnson quickly is entirely appropriate.   Indeed, the Honorable B. Janice Ellington of the United States District Court for the Southern District of Texas denied the motion to quash the subpoena of Lori Rivero – another professional objector residing in Corpus Christi who also filed an objection to the Settlement – and ordered that Ms. Rivero's deposition take place.[9]   Following Judge Ellington's ruling, Ms. Rivero indicated that she would withdraw her baseless objection.

Accordingly, Plaintiffs respectfully submit that this Court should: (a) deny Objector Nikki Johnson's Motion to Quash; (b) command Ms. Johnson (and her counsel, if he so chooses)

---

[7] *See* Motion to Quash at ¶¶ 3, 8 and 9.

[8] *See* Aronowitz Decl. ¶¶ 2 – 14, detailing chronology and section IV, below.

[9] *See* Aronowitz Decl. ¶ 15 and Exhibit I thereto, Excerpts of *In re: Reebok EasyTone Litigation*, Case No. 2:12-MC-00002 (S.D. Tex.) (Ellington, M.J.) Transcript of Hearing on Motion to Quash Rivero Deposition at p. 44 (Jan. 6, 2012).

to appear for deposition at the offices of Looper, Reed & McGraw, 1601 Elm Street, Dallas, Texas (or at the United States District Courthouse for the Northern District of Texas, if this Court is willing and able to referee) on January 13, 2012, at 12:00 p.m.; and (c) further order Ms. Johnson or her Counsel to pay Plaintiffs' Counsel's reasonable expenses and fees incurred in travelling to Ms. Johnson's originally scheduled deposition and in responding to their baseless Motion to Quash.

## II.   MS. JOHNSON AND MR. COX ARE "PROFESSIONAL" OR "SERIAL" OBJECTORS

Nikki Johnson is a serial objector in her own right and over the last year has filed at least two other objections to Class settlements based on essentially the same frivolous reasons asserted here.[10]  In both cases, Ms. Johnson's objections were overruled and in both cases she was represented by Thomas L. Cox, Jr. on appeal.

Mr. Cox is the epitome of a professional objector and has "ghostwritten" Ms. Johnson's objection in this case in an effort to appear legitimate.  Ms. Johnson submitted her Objection "Per se" [sic] without indicating she was represented by counsel.  Mr. Cox surfaced as Ms. Johnson's counsel only after Plaintiffs' Counsel attempted to depose Ms. Johnson about her Objection.  Mr. Cox admitted to Plaintiffs' Counsel that he "assisted" Ms. Johnson in writing the Objection, even though he failed to initially list himself as Ms. Johnson's attorney, a possible ethical violation.[11]

---

[10] *See* Johnson Objection to *In re NVIDIA GPU Litig.*, No. 5:09-cv-04312 (N.D. Cal.); Johnson Objection to *Federick v. FIA Card Servs.*, N.A., No. 09-cv-03419 (C.D. Cal.).

[11] *See* Aronowitz Decl. ¶ 13.

Furthermore, Mr. Cox has filed no less than fourteen objections to class settlements in the last two years.[12]  In all of those cases, Mr. Cox's objections were overruled.  And in almost all these cases, Mr. Cox appealed, holding up relief to class members in an effort to extort a payment.  Indeed, Judge J. Frederick Motz of the District of Maryland appropriately labeled Mr. Cox as a "frequent and professional objector" whose objections are "not sustained."[13]

### III.    BRIEF BACKGROUND OF THE *IN RE REEBOK EASYTONE LITIGATION* AND SETTLEMENT

In May of 2010, several of Plaintiffs' Counsel began investigating the advertising claims about "toning" footwear, including retaining and working with a medical doctor who is an expert in the orthopedic and physiological effects of footwear on the human body.  In November of 2010, two groups of Plaintiffs' Counsel separately filed two class action complaints in the District of Massachusetts – *Altieri v. Reebok Int'l Ltd.* (4:10-cv-11977-FDS) and *Schwartz and Hardy v. Reebok Int'l Ltd.* (1:10-cv-12018-FDS) – and shortly thereafter began working together.  The complaints asserted consumer protection and false advertising claims against Reebok on behalf of a nationwide class of purchasers alleging that Reebok's advertising and marketing claims about its "toning" line of shoes were false and misleading, and that the

---

[12] *See Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546 (D.N.J. 2010); *In re Mutual Funds Investment Litig.*, 1:04-md-15863 (D. Md.); *Arthur v. Sallie Mae, Inc.*, 2:10-cv-00198 (W.D. Wash.); *Kardonick v. JP Morgan Chase & Co.*, 10-cv-23235-WMH (S.D. Fla.); *In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.*, 1:08-md-01982-RDB (D. Md.); *In re Countrywide Fin. Corp. Customer Data Security Breach Litig.*, 3:08-md-01998-TBR (W.D. Ky.); *In re Lawnmower Engine Horsepower Marketing and Sales Practices Litig.*, 2:08-md-0999-LA (E.D. Wisc.); *In re AT&T Mobility Wireless Data Services Tax Litig.*, 1:10-cv-02278 (N.D. Ill.); *In re Pre-filled Propane Tank Mktg & Sales Pracs. Litig.*, 4:09-md-02086-GAF (W.D. Mo.); *In re NVIDIA GPU Litig.*, 5:09-cv-04312-JW (N.D. Cal.); *Frederick v. FIA Card Services, N.A.*, 2:09-cv-03419-AG-RNB (C.D. Cal); *In re Lifelock, Inc. Mktg. & Sales Practice Litig.*, 2:08-md-01977-MHM (D. Ariz.); *In re Google Buzz Privacy Litig.*, 5:10-cv-672 (N.D. Cal.); *Baggett v. Hewlett-Packard Co.*, 8:07-cv-00667 (C.D. Cal.).

[13] *In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 U.S. Dist. LEXIS 31787, *33 n.1 (D. Md. Mar. 23, 2011).

products did not actually provide any of the claimed physiological or other health benefits that Reebok advertised.

Settlement negotiations with Reebok began shortly after the complaints were filed. Beginning in January 2011, Reebok produced a large amount of discovery, including access to key Reebok personnel – all high-ranking Reebok employees with direct knowledge of the facts at issue in this litigation – for detailed witness interviews.  Plaintiffs' Counsel reviewed this discovery and interviewed Reebok's personnel.

Furthermore, Plaintiffs' Counsel worked cooperatively with the Federal Trade Commission.  The FTC was conducting its own separate non-public investigation into the conduct alleged in Plaintiffs' complaint. Plaintiffs' Counsel spent two days meeting with the Commissioners of the FTC and much more time working with FTC staff, ultimately resulting in the Settlement between Plaintiffs and Reebok, as well as a related settlement between the FTC and Reebok.   By design with the FTC, all of the payments to Class Members are being administered through the Settlement.

Under the Settlement, which will be before Judge Saylor in the District of Massachusetts for a final fairness hearing on January 17, 2012, a $25 million non-reversionary fund will be created to refund money to Settlement Class Members and pay notice and settlement administration costs.  Unlike many common fund settlements, Plaintiffs' Counsel's attorneys' fees and litigation-related expenses will be paid separately – over and above, and in addition to, the $25 million fund – thus bringing the total monetary value of the Settlement to $28.6 million. Under the Settlement, each Class Member who submits a valid claim should receive money equal to about half of what he or she paid for each pair of eligible shoes or each piece of eligible apparel, with potential pro rata reductions based on the total number of valid claims filed.

IV.    **CHRONOLOGY OF PLAINTIFFS' COUNSEL'S ATTEMPT TO DEPOSE MS. JOHNSON**

As noted above, Plaintiffs' Counsel first received notice of Ms. Johnson's objection through the District of Massachusetts' ECF system on December 27, 2011.

On December 28, 2011, Plaintiffs' Counsel issued a Subpoena commanding Ms. Johnson to appear at a deposition to take place, in Dallas, Texas, on Wednesday, January 4, 2012.[14]  On December 29, 2011, a first attempt to serve this subpoena upon Ms. Johnson was made at the address indicated on her Objection – "3141 Hood St., Ste 200, Dallas, TX 75219."[15]  A second attempt at service was made that same day shortly thereafter.[16]  A third attempt at service of that subpoena was made on December 30, 2011.[17]  All of these attempts were unsuccessful, as the business address provided by Ms. Johnson appeared to be closed and the process server's attempts to find Ms. Johnson at an alternate address were similarly unsuccessful.[18]  Because Mr. Cox remained behind the scenes this entire time, Plaintiffs' Counsel could not reach out to him to coordinate service or notify him of their desire to depose Ms. Johnson in conjunction with her objection.

Due to the New Year's holiday weekend, further attempts to serve Ms. Johnson could not be made until January 3, 2012.  Because the original subpoena requested that Ms. Johnson appear for her deposition on January 4, 2012, Plaintiffs' Counsel issued an Amended Subpoena

---

[14] *See* Aronowitz Decl. ¶ 3 and Exhibit B thereto, the Subpoena.

[15] *See* Aronowitz Decl. ¶ 4 and Exhibit C thereto, the "First Attempt" at service on 12/29/2011.  Plaintiffs' Counsel notes that the Objection did not include a contact phone number for Ms. Johnson – and did not in any way indicate Ms. Cox was represented by counsel – so Ms. Johnson could only be contacted at the address listed on her Objection.

[16] *See* Aronowitz Decl. ¶ 5 and Exhibit D thereto, the "Second Attempt" at service on 12/29/2011.

[17] *See* Aronowitz Decl. ¶ 6 and Exhibit E thereto, the "Third Attempt" at service on 12/30/2011.

[18] *See* Aronowitz Decl. ¶ 7.

on January 3, 2012, for service that same day, commanding Ms. Johnson's attendance at a deposition to take place on Friday, January 6, 2012.[19]  This time, the process server was able to successfully personally serve the Amended Subpoena on Ms. Johnson at 11:30 AM, on January 3, 2012, at the address provided on the Objection.[20]  Plaintiffs' Counsel then proceeded to make travel arrangements to take Ms. Johnson's deposition in Dallas.[21]

On January 5, 2012, at 2:38 p.m., CST, Plaintiffs' Counsel received the Motion to Quash by e-mail from "Tom Cox."[22]  Contrary to Northern District of Texas Local Rule 7.1, Mr. Cox did not confer with Plaintiffs' Counsel or attach a Certificate of Conference as required before filing such a motion.[23]  Plaintiffs' Counsel carefully monitored the docket and determined that only a Court Order, rather than the Motion to Quash in and of itself, would stay Ms. Johnson's duly scheduled deposition.[24]

After Ms. Johnson failed to appear for her January 6th deposition by more than an hour, Plaintiffs' Counsel contacted Mr. Cox to determine whether Ms. Johnson would be appearing for her deposition.  Mr. Cox indicated that Ms. Johnson would not attend.[25]  Plaintiffs' Counsel and Mr. Cox then contacted this Court by telephone, and approximately 90 minutes after Ms. Johnson's deposition was scheduled to start, this Court indicated that the deposition would be

---

[19] *See* Aronowitz Decl. ¶ 8 and Exhibit F thereto, the Amended Subpoena with Proof of Service.

[20] *See Id*.

[21] *See* Aronowitz Decl. ¶ 9 and Exhibit G thereto, the Traveler Invoice.

[22] *See* Aronowitz Decl. ¶ 10 and Exhibit H thereto, the Tom Cox Email.

[23] *See* Aronowitz Decl. ¶ 11.

[24] *See King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) ("[A] motion to quash must be not only made but *granted* before the scheduled deposition to excuse compliance.") (emphasis in original, citations omitted).

[25] *See* Aronowitz Decl. ¶ 12.

stayed and later entered an Order staying the deposition and setting a briefing schedule on Ms. Johnson's motion to quash.

## V.     TAKING THE DEPOSITION OF AN OBJECTOR LIKE MS. JOHNSON IS APPROPRIATE

As a matter of fact and law, Plaintiffs' Counsel's attempt to depose Ms. Johnson in the manner and time frame attempted is entirely appropriate.  As noted in the chronology above, Plaintiffs' Counsel acted as fast as possible in issuing and serving the Subpoena and needed to do so to meet the impending deadlines for supplemental final approval briefing and the final fairness hearing in *In re: Reebok EasyTone Litigation*.

Furthermore, Mr. Cox is plainly incorrect in arguing that the "sole purpose of the Subpoena is to harass Movant."[26]  The first purpose of the deposition is to discover the reasoning of the Objection, which is not at all clear from the face of the Objection itself.  Among other things, the Objection contends that: (a) the requirement that Class Members file a claim form to receive compensation is unfair, without specifying whether Ms. Johnson had any trouble filing a claim form; (b) the value of the Settlement is unknown, when, in fact, it is clearly a $25 million fund; and (c) Plaintiffs' Counsel's fees are objectionable, without any explanation of why a $3.6 million fee for the creation of an all cash $25 million fund is unfair or unreasonable.[27]  The second purpose is to confirm whether Ms. Johnson has standing as a class member.  While Ms. Johnson attached purchase records to her Motion to Quash, she did not include such purchase records with her Objection, and Plaintiffs are entitled to discover why.  Finally, and most importantly, Plaintiffs' Counsel will depose Ms. Johnson to determine whether she is objecting

---

[26] Motion to Quash ¶ 3.

[27] *See generally*, Aronowitz Decl. ¶ 2 and Exhibit A thereto.

to the Settlement for her and her counsel's own pecuniary benefit, rather than for the benefit of the Settlement Class as a whole. Ms. Johnson and her counsel's history strongly suggest that their motives are improper.

Finally, by interjecting herself as an active participant in this litigation by filing an objection, deposing Ms. Johnson is appropriate as a matter of general practice and fairness, precedent, and the Federal Rules.[28] As Judge Ellington found on January 6, 2012, in denying another objector's motion to quash a subpoena commanding that the objector to appear for deposition in conjunction with her objection *in this case*:

> I cannot believe that it would be right for someone to be able to simply file an objection and then not be questioned further about it. . . . [I]f I were the court looking at this fairness and holding the Fairness Hearing, I would want to know from Ms. Rivero for instance, what are the bases of her objection. . . . I do not see that it's fair that Ms. Rivero can just file an objection and then leave it at that. And if I were the district court, I would want to know what's going on and why she filed objections, especially in view of the fact that she can opt out – but she doesn't want to opt out, she wants to make a claim and file objections. . . . [Ms. Rivero] has injected herself into this – the fairness of the settlement by stating that she has an objection, and I just don't see that there's anything wrong with trying to go behind that and ask her a few questions.[29]

Accordingly, the taking of Ms. Johnson's deposition is necessary, supported by precedent, and entirely appropriate.

---

[28] *See In re Static Random Access Memory Antitrust Litig.*, Case No. M:07-CV-01819-CW, MDL No. 1819, 2011 U.S. Dist. LEXIS 112915, at *27 - 28 (N.D. Cal. Sept. 23, 2011) (granting motion to compel discovery from objectors and ordering objectors to appear for deposition); *Stern v. AT&T Mobility Corp.*, No. 10-CV-85, 2011 WL 607135, at *1 (N.D. Ohio Feb. 11, 2011) (observing that "the California judge presiding over the class action suit . . . allowed objectors to be deposed"); *see also* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person[.]").

[29] *See* Aronowitz Decl. ¶ 15 and Exhibit I thereto, Excerpts of *In re: Reebok EasyTone Litigation*, Case No. 2:12-MC-00002 (S.D. Tex.) (Ellington, M.J.) Transcript of Hearing on Motion to Quash Rivero Deposition at p. 42-23 (Jan. 6, 2012).

## VI.     CONCLUSION AND REQUEST FOR RELIEF

As demonstrated above, Ms. Johnson and her attorney, Mr. Cox, are professional objectors and Plaintiffs' Counsel's efforts to depose Ms. Johnson in conjunction with her objection are entirely appropriate.   Accordingly, Plaintiffs respectfully submit that this Court should: (a) deny Objector Nikki Johnson's Motion to Quash; (b) command Ms. Johnson (and her counsel, if he so chooses) to appear for deposition at the offices of Looper, Reed & McGraw, 1601 Elm Street, Dallas, Texas (or at the United States District Courthouse for the Northern District of Texas, if this Court is willing and able to referee) on January 13, 2012, at 12:00 p.m.; and (c) further order Ms. Johnson or her Counsel to pay Plaintiffs' Counsel's reasonable expenses and fees incurred in travelling to Ms. Johnson's originally scheduled deposition and in responding to their baseless Motion to Quash.

Dated: January 11, 2012

Respectfully submitted,

__/s/ Adam J. Levitt ____
Adam J. Levitt (*admitted N.D. Tex., bar number 6216433IL*)
Edmund S. Aronowitz (*admitted District of Massachusetts pro hac vice*; *Illinois ARDC Reg. No. 6304587*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001

*Counsel for Plaintiffs and the Settlement Class*

Timothy G. Blood
**BLOOD HURST & O'REARDON, LLP**
600 B Street, Suite 1550
San Diego, California  92101
Telephone:  (619) 338-1100

Facsimile: (619) 338-1101
tboold@bholaw.com

Janine L. Pollack
**MILBERG LLP**
One Pennsylvania Plaza
New York, New York  10119
Telephone: (212) 594-5300
Facsimile: (212) 273-4388
jpollack@milberg.com

Adam J. Levitt
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ, LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
levitt@whafh.com

*Plaintiffs' Class Counsel*

David Pastor (BBO # 391000)
**GILMAN AND PASTOR, LLP**
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110
Telephone: (617) 742-9700
Facsimile:  (617) 742-9701
dpastor@gilmanpastor.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I, Edmund S. Aronowitz, hereby certify that on January 11th, 2012, a true copy of **Plaintiffs' Response and Brief In Opposition to Objector Nikki Johnson's Motion to Quash Deposition Subpoena**, was filed via the Northern District of Texas' ECF system and thereby served on all parties and attorneys having entered an appearance in this case.


/s/ Edmund S. Aronowitz
Edmund S. Aronowitz