UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>REEBOK EASYTONE LITIGATION | Case No. 3:12-MC-00001-L (BF)<br><br>Honorable Paul D. Stickney<br><br>Original Case No. 4:10-CV-11977-FDS (D. Mass) |

### NIKKI JOHNSON'S REPLY TO PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO OBJECTOR NIKKI JOHNSON'S MOTION TO QUASH DEPOSITION SUBPOENA

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, Nikki Johnson, and files her Reply to Plaintiffs' Response and Brief in Opposition to Objector Nikki Johnson's Motion to Quash Deposition Subpoena, and would respectfully show unto the Court the following:

Class Counsel filed a response to Johnson's motion to Quash on January 11, 2012. In that response Class Counsel argues that he should be allowed to take deposition of objector Nikki Johnson because:

1. Johnson refused to comply with a properly served subpoena.

2. Counsel wants to determine the basis and reasoning behind her "frivolous" objection.

3. Counsel wants to determine if Johnson has standing as a Class Member.

4. "Most importantly" both Cox and Johnson have filed other objections, therefore, they must be "professional" objectors only out to extort payment from Class Counsel.

I.     **JOHNSON REFUSED TO COMPLY WITH A SUBPOENA**.

In support of this baseless allegation, Class Counsel attaches a "Declaration" on "information and belief" and recites that service was attempted two times on December 29 and once on December 30, 2011, the Christmas holidays that most Americans celebrate. As Counsel noted (p.9) all these attempts were unsuccessful, as the business address provided by Ms. Johnson appeared to be closed. Counsel next argues that the process server he chose could not find Ms. Johnson's home address and somehow its Ms. Johnsons fault that her company was closed over the holidays and that the process server he chose could not find Johnson at the home address she has had for more than five years. The address where the process server attempted to serve Johnson is the very address where Johnson received her notice of the settlement.

Johnson accepted service once her company opened after the Christmas holidays. Conspicuously absent from class counsel's "Declaration", is any mention of Ms. Johnson seeking to avoid service, or Counsel simply picking up the telephone, calling Ms. Johnson and requesting a convenient time to be deposed. Who was intent on harassing whom?

Next, Class Counsel says that he made travel arrangements on January 4 to travel on January 6, 2012. However, as Counsel freely admits (paragraph 10 of Declaration), he received Johnson's Motion to Quash on January 5, the day before he took it upon himself to fly to Dallas.

The motion had not yet been ruled and Counsel made no attempt to contact Cox for a conference prior to incurring the expense of flying to Dallas. In taking those actions, Counsel is solely responsible for the expenses he incurred.

Counsel incurred the expenses with knowledge the Motion to Quash had not yet been ruled on. As an excuse for his behavior, he claims that he "determined that only a court order… would stay the deposition"… (Paragraph 12, Doc 4-1). Class Counsel was wrong.

In summary, Class Counsel complains that: (1) he could not serve Ms. Johnson because her business was closed for the Christmas holidays; (2) Cox did not call him prior to filing a Motion to Quash, although Class Counsel failed to call Johnson to determine a convenient time and place for her deposition; (3) Counsel took it upon himself to fly to Dallas knowing a Motion to Quash had been filed.

The contention that Johnson refused to comply with a subpoena has no basis and, in fact, is a frivolous allegation.

**COUNSEL WANTS TO DETERMINE THE BASIS AND REASONING BEHIND HER "FRIVOLOUS OBJECTION".**

He already knows the basis and reasoning behind the objection. It is contained in the objection. To summarize:

1. The proposed Settlement places unlawful restrictions on objectors because it requires more documentation to file an objection than it does to file a claim or opt out. *Devlin v. Scardelletti*, 536 U.S.1.

    Johnson is clearly a member of the class as: (1) All her Reebok purchases were made from Reebok, not from a retailer; (2) she received notice of the action, and (3) her receipts were attached to her objection.

2. There is no way to evaluate the settlement because neither the court or the parties noted the number of putative class members purchasing eligible Reebok merchandise or the value of the aggregate eligible merchandise.

3. It is impossible to determine the amount of money at issue as there is no financial information from which to judge the fairness, reasonableness or adequacy of the proposed settlement or, by extension, the reasonableness of the attorney fees.

The objections of Johnson are fundamental and hardly frivolous. Additionally, this point by Class Counsel is not only insupportable, it also magnifies the reason there is no need for a deposition other than pure harassment. If Johnson appears at the hearing, Counsel will have the opportunity to interrogate her at this time. If she does not, the objections stand as written.

**CLASS COUNSEL WANTS TO DETERMINE IF JOHNSON IS A CLASS MEMBER.**

This is the most frivolous argument of all. Johnson is a Class Member as a matter of law. Johnson purchased product directly from Reebok. She and her purchases are in their data base. Counsel has advanced not a single argument to show that Johnson's inclusion as a Class Member should be questioned. Additionally, Johnson has produced receipts showing her purchase of qualified shoes and they are attached to her objection.

The definition of a "Class" means: " all persons or entities that, during the Class Period, purchased any and all Eligible Shoes and/or Eligible Apparel from Reebok and/or its authorized retailers and wholesalers including, without limitation, Reebok U.S. Retailers, Reebok Concept Stores, Reebok.com, Reebok Outlets and/or other third party retailers or wholesalers".

Therefore Johnson is, as a matter of law, a Class Member.

Cox and Johnson are "professional objectors seeking only to extort money from Class Counsel." These old allegations are made without substantiation. Johnson has filed objection and Cox has filed objection, however no Court has ever sanctioned Cox or ruled that an objection Cox or Johnson filed was frivolous.

After a review of Rule 23, Fed. Rule Civ. Proc. Johnson was unable to find a rule limiting the number of objections one may file - just as there was no rule limiting the number of cases Class Counsel may file with lousy settlements.

There was no mention of any case in which either Cox or Johnson "extorted payment from Plaintiff's Counsel", as alleged. In fact, there is no showing that either was paid by Plaintiff's lawyers in any case. There was no mention of Cox's currently pending appeals. No mention of the cases in which a client has asked for a review of a case and Cox has counseled that the settlement is fair and reasonable.

More importantly, Class Counsel's position is that an attorney is a professional objector based upon nothing more than the number of objections he has filed. Under Class Counsel's theory, Cox would be required to counsel clients that a proposed settlement was lousy, but he could not represent them because he had reached some mythical quota.

Curiously absent from Class Counsel's argument is any notion of why he believes objectors' arguments are frivolous. Counsel's position is that the objections are frivolous based upon his say so alone. His position must fail. There is not a single reason contained in this point that would support the taking of Johnson's deposition.

II. **WHY JOHNSON'S DEPOSITION SHOULD NOT BE TAKEN:**

a) There is a stay order included in the Preliminary Approval Order that was entered in this cause by the Court on 10/6/2011 (Doc 47). Taking the Deposition would violate that stay.

b) Johnson's objections speak for themselves. They are concise, to the point, and easy to understand.

c) Johnson is a member of the Class as a matter of law.

d) Johnson's annual company convention with its 270 stores and 220 vendors began today, January 12, 2012, in Atlanta, Georgia. Johnson is the Chief Financial

      Officer of the company (Gourmet Catalog, Inc.) and her attendance is required. She will return to her office in Dallas on January 17, 2012.

e) All the information Counsel seeks is in the record. He will be able to examine Johnson if she appears in Court in support of her objection.

f) The only possible way for any "greenmail" or "extortion" to take place is for Class Counsel to pay it. Class Counsel already have the remedy they seek- don't pay one penny for "greenmail" or "extortion". Apparently, Counsel seeks an order from the Court that it not pay objectors. Counsel needs no order to do, or not do, an act they already have the power to do, or not do, on their own.

g) It is clear from Class Counsel's actions that the deposition is sought for harassment purposes only. Counsel hopes to scare away objectors so that they may ram their legally deficient settlement through without opposition. Counsel is attempting to deprive the Court of the valuable aid of objectors.

Courts have recognized the vital role objectors play in the class action process:

> While the parties to a class action start out in an adversarial process once they reach the settlement stage, incentives have shifted and there is danger of collusion. Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees they will take away.
>
> Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value. Intervenors have the potential to play this important role even in the numerous valid class actions where each plaintiff is seeking to be compensated only by a few dollars.

*Voller v. Selden,* 350 F.3d 656, 600 (7th Cir. 2003)(citations omitted).

Similarly the Third Circuit recognizes the importance of objectors:

[A] lawyer with objector status plays a highly important role for the class and the court because he or she raises challenges free from the burden of conflicting baggage that class counsel carries. The objecting lawyer independently can monitor the proposed settlement, costs, and fees for class counsel and, thus, aid the court in arriving at a fair and just settlement for the members of the class who individually are largely unrepresented … [A]s the distinguished historian, Allan Nevins, wrote many year ago, from the conflict of ideas comes crystallization of thought. Objections serve a highly useful vehicle for the member of the class and the public generally;  they require consideration by the court and its disposition of them usually provides reassurance that the settlement and the fees approved are fair and just.

*In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions,* 278 F.3d 175, 202 (3d Cir. 2002) (J. Rosen, concurring and dissenting). The majority in that case went out of its way to agree with that discussion. *Id*. at 193 ("nothing we say is intended to detract from the important rile objectors' counsel that Judge Rosen so eloquently notes in his concurring/dissenting opinion.").

## CONCLUSION AND RELIEF

In conclusion, Class Counsel has shown no valid reason to take the deposition of Johnson. Johnson , on the other hand has shown there are abundant reasons the deposition should not be allowed, that she is not available for depositions until January 17, 2012 and most importantly, there is a stay order in place that an order allowing the deposition would violate. Counsel will learn nothing from a deposition that he does not already know.

Objector prays the Court to grant the Motion to Quash, disallow the deposition and for any other relief that may seem proper to the Court.

Respectfully submitted,

/s/ Thomas L. Cox, Jr.
Thomas L. Cox, Jr.
S.B. 04964400
4934 Tremont
Dallas, TX  75214
(469) 531-3313
(214) 855-7878 Fax
tcox009@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon the following by ECF on January 12, 2012.

/s/ Thomas L. Cox, Jr.
Thomas L. Cox, Jr