THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>REEBOK EASYTONE LITIGATION | Case No. 3:12-MC-00001-L (BF)<br><br>Hon. Paul D. Stickney<br><br>Original Case No. 4:10-CV-11977-FDS (D. Mass.) |

**PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO**
**OBJECTOR NIKKI JOHNSON'S MOTION TO LIMIT DEPOSITION**

Plaintiffs Sandra Altieri, Courtney Schwartz, and Cheryl Hardy ("Plaintiffs") individually and on behalf of the other members of the certified Settlement Class in *In re: Reebok EasyTone Litigation*, Case No. 4:10-CV-11977-FDS (D. Mass.), respond as follows in opposition to Objector Nikki Johnson's Motion to Limit Deposition (Dkt. No. 7) ("Motion to Limit"): the motion has already been decided, is without merit, and is yet is another attempt by Ms. Johnson and her counsel to delay through a baseless filing.

On January 5, 2012, Objector Nikki Johnson moved to quash Plaintiffs' subpoena commanding her attendance at a deposition. After full briefing, this Court denied Ms. Johnson's Motion to Quash, found that class counsel is entitled to take Ms. Johnson's deposition, and ordered that the deposition shall be taken by February 1, 2012.[1]  That deposition has yet to occur.

---

[1] *See* January 18, 2012 Order (Dkt. No. 6, "Order").  Indeed, Plaintiffs will take Ms. Johnson's deposition because doing so will enable Plaintiffs to discover, among the other topics noted in Plaintiffs' Response and Brief in Opposition to Objector Nikki Johnson's Motion to Quash Deposition Subpoena (Dkt. No. 4; "Response Brief"), the full extent of Ms. Johnson's (and her counsel's) history as "serial" or "professional" objectors who object in class action cases, not for the benefit of the class, but, instead, to extort payment from settlement proponents.

1

Plaintiffs have rescheduled Ms. Johnson's deposition for January 30, 2012, but now Ms. Johnson seeks to revisit this Court's Order by requesting spurious limits on the length and scope of her deposition.  Plaintiffs respectfully submit that this Court deny Ms. Johnson's Motion to Limit for three reasons.

First, although Ms. Johnson could have done so, she failed to request limitations on the length or scope of her deposition in her prior Motion to Quash.  Ms. Johnson's dilatory tactic of attempting to re-litigate issues that have already been decided by the Court is ground enough to deny her Motion to Limit.

Second, while Plaintiffs fully intend to conduct the deposition of Ms. Johnson as efficiently and quickly as possible – having scheduled the deposition to begin at 1:00 P.M. and having further scheduled a return flight to Chicago for that same evening – imposing a time limit on the deposition – other than the limit provided by the Federal Rules of Civil Procedure – may not give counsel sufficient time to discover the full extent of Ms. Johnson's own history[2] and her knowledge of her counsel's history[3] as a "serial" or "professional" class action objector.  Unlike Lori Rivero – another objector in this case who moved to withdraw her objection after her motion to quash her deposition was denied by Magistrate Judge Ellington in the Southern District of Texas, Case No. 2:12-mc-0002 – Ms. Johnson has an individually documented history as a professional objector, in addition to the professional objector history of her attorney, Mr.

---

[2] *See* Johnson Objection to *In re NVIDIA GPU Litig.*, No. 5:09-cv-04312 (N.D. Cal.); Johnson Objection to *Federick v. FIA Card Servs.*, N.A., No. 09-cv-03419 (C.D. Cal.).

[3] *See, e.g., In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 U.S. Dist. LEXIS 31787, *33 n.1 (D. Md. Mar. 23, 2011) ("Clifton brings this objection by and through her attorney, Thomas L. Cox, Jr. It appears that Mr. Cox is a frequent and professional objector, as he has objected or represented objectors in at least six other class actions since 2010.  Mr. Cox's objections were not sustained in any of these cases."). Additional cases in which Ms. Cox represented objectors are listed in footnote 12 of Plaintiffs' Response Brief.

Cox. Not only would imposing Movant's requested time limitation on Ms. Johnson's deposition – where there is more to cover than there would have been in Ms. Rivero's – needlessly countermand the Federal Rules, but it will also enable Ms. Johnson's counsel to try to "run out the clock" on the deposition without Ms. Johnson providing the necessary testimony.[4]

Although Judge Ellington placed a one-hour time limit on Ms. Rivero's deposition – who did not have her own personal history of objecting to class action settlements, as Ms. Johnson does here – she also invited the parties to contact the Court if "there are shenanigans going on" and further made clear that she would not "allow the clock to tick" if the parties had to expend time resolving such shenanigans.[5] Judge Ellington also suggested at one point during her ruling that the deposition take place under judicial supervision.[6] While Plaintiffs would be pleased to conduct the deposition under direct Court supervision, denying Ms. Johnson's attempt to impose a time limit beyond that already provided by the Federal Rules may be enough to impress upon Ms. Johnson's counsel that shenanigans and clock running are unacceptable without further involving the Court in what should be routine discovery.

---

[4] Plaintiffs' concern is well founded. Ms. Johnson has already declared through her filings in this matter that "depositions will gain no additional information," and that "Counsel will learn nothing from a deposition that he does not already know." *See* Motion to Quash Deposition (Dkt. No. 1) at ¶ 7 and Nikki Johnson's Reply to Plaintiffs' Response and Brief in Opposition to Objector Nikki Johnson's Motion to Quash Deposition Subpoena (Dkt. No. 5) at p. 7. These declarations will only be true if Ms. Johnson's Counsel improperly instructs Ms. Johnson not to answer Plaintiffs' counsel's questions. To that end, Plaintiffs note that "speaking objections" are unnecessary and improper, and that under the Federal Rules, an attorney may only instruct his or her client not to answer a question in a deposition when there is a good-faith basis for asserting a valid privilege.

[5] *See* Aronowitz Decl. (Dkt. No. 4-1) ¶ 15 and Exhibit I thereto, Excerpts of *In re: Reebok EasyTone Litigation*, Case No. 2:12-MC-00002 (S.D. Tex.) (Ellington, M.J.) Transcript of Hearing on Motion to Quash Rivero Deposition at p. 51-53 (Jan. 6, 2012).

[6] *See Id*. at p. 51 ("**THE COURT:** You want to do [the deposition] over here? I can sit in on it. All the courtrooms are taken next week but we can sit in a jury room and I can just sit in if there's problems with – regarding relevance or anything else.").

Finally, Plaintiffs' counsel intends to depose Ms. Johnson to determine whether she is objecting to the Settlement for her and her counsel's own pecuniary benefit, rather than for the benefit of the Settlement Class as a whole. Ms. Johnson's and her counsel's history strongly suggest that their motives are improper. Whether Ms. Johnson ever requested or received payment in any form whatsoever in any prior case to withdraw an objection to a class action settlement – even in cases where the propriety of her objections are pending on appeal, such as the *NVIDIA GPU Litigation* presently pending before the Ninth Circuit – is material and discoverable in this action. An objector's request or receipt of payment to withdraw an objection or an appeal without providing any benefit to a Settlement Class is not privileged or protected information – rather, it is extortion and a legitimate topic for examination. As Justice Lewis Brandeis once stated, "sunlight is said to be the best disinfectant"[7] and only by shining a light on professional objectors' exploitation of Federal Rule of Civil Procedure 23(e)(5) for their own personal benefit, instead of for the benefit of classes as a whole, can the judicial system halt this increasingly problematic practice.

Accordingly, Plaintiffs respectfully submit that this Court deny Objector Nikki Johnson's Motion to Limit Deposition.

Dated: January 23, 2012

Respectfully submitted,

   /s/ Adam J. Levitt    
Adam J. Levitt (*admitted N.D. Tex., bar number 6216433IL*)

---

[7] *See Buckley v. Valeo*, 424 U.S. 1, 67, 46 L. Ed. 2d 659, 96 S. Ct. 612 (1976) (quoting L. Brandeis, Other People's Money 62 (National Home Library Foundation ed. 1933) ("Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.")).

Edmund S. Aronowitz (*admitted District of Massachusetts pro hac vice*; *Illinois ARDC Reg. No. 6304587*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
levitt@whafh.com
aronowitz@whafh.com

*Counsel for Plaintiffs and the Settlement Class*

Timothy G. Blood
**BLOOD HURST & O'REARDON, LLP**
600 B Street, Suite 1550
San Diego, California  92101
Telephone:  (619) 338-1100
Facsimile: (619) 338-1101
tboold@bholaw.com

Janine L. Pollack
**MILBERG LLP**
One Pennsylvania Plaza
New York, New York  10119
Telephone: (212) 594-5300
Facsimile: (212) 273-4388
jpollack@milberg.com

Adam J. Levitt
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
levitt@whafh.com

*Plaintiffs' Class Counsel*

David Pastor (BBO # 391000)
**GILMAN AND PASTOR, LLP**
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110

Telephone: (617) 742-9700
Facsimile:  (617) 742-9701
dpastor@gilmanpastor.com

***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

    I, Edmund S. Aronowitz, hereby certify that on January 23rd, 2012, a true copy of ***Plaintiffs' Response and Brief In Opposition to Objector Nikki Johnson's Motion to Limit Deposition***, was filed via the Northern District of Texas' ECF system and thereby served on all parties and attorneys having entered an appearance in this case.


                                           /s/ Edmund S. Aronowitz
                                             Edmund S. Aronowitz